UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| RICHARD CROSS, | : | Honorable Madeline Cox Arleo |
| | : | |
| Plaintiff, | : | Civil Action No. 11-0998 (SDW) |
| | : | |
| -v- | : | |
| | : | |
| SHANTAY BRAME ADAMS, | : | REPORT AND RECOMMENDATION |
| et al., | : | |
| | : | |
| Defendants, | : | |

This matter comes before the Court upon the Motion of Defendants Johnson, Lorana, Long

and Datz (collectively the "Defendants") to dismiss the Complaint filed by pro se Plaintiff Richard

Cross (the "Plaintiff") pursuant to Federal Rule of Civil Procedure 37 (b)(2)(A)(v).[1]  Plaintiff has

not responded to or opposed Defendants' present Motion, which the Court has considered without

oral argument pursuant to Fed. R. Civ. P. 78.  Having done so, for the reasons that follow, the Court

respectfully recommends that Defendants' Motion is **GRANTED**, and that Plaintiff's Complaint is

**DISMISSED WITH PREJUDICE**.

## BACKGROUND

On February 22, 2011, Plaintiff submitted the Complaint that gives rise to this case, along

with a cover letter and an application to proceed in forma pauperis (the "IFP Application").  (Doc.

No. 1).  At the time the aforementioned documents were submitted, and apparently at all relevant

---

[1]  Plaintiff's claims against Defendants Shantay Brame Adams, Merrill Main, and Jacylyn Ottino
were dismissed by order of the Hon. Susan D. Wigenton, U.S.D.J. on June 1, 2012.  (Doc. No. 35).

times thereafter, Plaintiff was confined within the Special Treatment Unit at East Jersey State Prison (the "Prison"). On June 7, 2011, the Hon. Susan D. Wigenton, U.S.D.J. granted Plaintiff's IFP Application, following which the Complaint was formally docketed. (Doc. Nos. 2, 3). In the Complaint, Plaintiff alleges that the various named defendants – each of whom is either an administrator or a corrections officer at the Prison – violated Plaintiff's civil rights, and seeks a remedy for those alleged violations pursuant to 42 U.S.C. § 1983. (Doc. No. 3).

On June 16, 2011, Plaintiff submitted an application for the appointment of pro bono counsel, which Judge Wigenton denied on July 14, 2011. (Doc. Nos. 6, 7). Thereafter, on both September 19, 2011, and October 18, 2011, Plaintiff submitted summons-related documents regarding the various named defendants. (Doc. No. 12, 16).

On November 3, 2011, Defendants filed a motion to dismiss Plaintiff's Complaint in lieu of an answer. (Doc. No. 17). On November 7, 2011, pursuant to a letter request filed by counsel for Defendants, Judge Wigenton ordered that the aforementioned Motion to Dismiss be withdrawn. (Doc. Nos. 18, 21). Defendants filed their Answer to Plaintiff's Complaint on November 4, 2011. (Doc. No. 19).

During the winter and spring of 2012, Defendants endeavored to proceed with discovery in this case. On January 13, 2012, Defendants filed a motion to take Plaintiff's deposition. (Doc. No. 28). Plaintiff filed no response to that motion, which the Court granted on January 19, 2012. (Doc. No. 30). On March 31, 2012, Defendants submitted a letter to the Court that requested leave to file a motion to compel Plaintiff's response to certain written discovery requests in light of the following: (1) that the Court-ordered fact discovery deadline of April 30, 2012 was then impending; (2) that

2

Defendants had served written discovery requests upon Plaintiff twice, first in December, 2011, and again in February, 2012, with delivery confirmed on the second occasion by UPS; and (3) that Plaintiff had not responded to the written discovery requests in any way. (Doc. No. 31). On April 13, 2012, Defendants filed the motion to compel that was contemplated in their March 31, 2012 letter to the Court. (Doc. No. 32). Plaintiff filed no response to that motion, which the Court granted on May 24, 2012. (Doc. No 33). In doing so, the Court ordered Plaintiff to provide responses to Defendants' outstanding written discovery requests not later than July 2, 2012, and expressly stated that Plaintiff's "[f]ailure to provide this discovery, will result in sanctions, including dismissal of the Complaint." (Doc. No. 33).

On July 3, 2012, Defendants filed their present Motion to Dismiss pursuant to Fed. R. Civ. P. 37 (b)(2)(A)(v). (Doc. No. 37). In support of that Motion, Defendants argue that Plaintiff has failed to respond to their written discovery requests in violation of the Court's May 24, 2012 order, despite Plaintiff's demonstrated ability to draft and file numerous documents early in this case. Plaintiff has not responded to or opposed Defendants' present Motion.

## DISCUSSION

Plaintiff's failure to prosecute this action – specifically, to comply with his discovery obligations and the Court's May 24, 2012 order – requires the Court to determine appropriate sanctions. In Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863 (3d Cir. 1984), the United States Court of Appeals for the Third Circuit set forth six factors which must be considered in determining whether to dismiss a plaintiff's action. Poulis, 747 F.2d at 868. The Poulis factors are: "(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the

3

failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense." Id. at 868. The Court is required to balance each factor in its analysis. Id.

1.    The Extent of the Party's Personal Responsibility

First, other than filing the Complaint and the accompanying IFP Application, seeking the appointment of pro bono counsel, and returning summons-related documents, Plaintiff has demonstrated a persistent unwillingness to prosecute this action. The docket for this case indicates that Plaintiff has not made a submission of any kind since October 18, 2011. Notably, during that more than 18-month span, Plaintiff failed to submit any response to not less than four different motions that were filed by the various named defendants. Further, and most troublingly, Plaintiff did not comply with the Court's May 24, 2012 order to provide responses to Defendants' outstanding written discovery requests not later than July 2, 2012. As noted above, the Court's May 24, 2012 order expressly stated that Plaintiff's "[f]ailure to provide this discovery, will result in sanctions, including dismissal of the Complaint." (Doc. No. 33). In short, Plaintiff, who is pro se, clearly bears personal responsibility for his long-standing failure to prosecute his claims in this case. Accordingly, such conduct weighs in favor of dismissal.

2.    Prejudice to the Adversary

Second, Plaintiff's long-standing nonfeasance regarding this litigation has made it nearly impossible: (1) for the Court to determine his interest in pursuing this case; (2) for discovery to proceed; (3) for dispositive motions to be properly filed on the merits; and (4) for this case to be

4

resolved via any conventional means. As such, I am satisfied that Defendants have been prejudiced by Plaintiff's failure to prosecute this case and to comply with the Court's orders.

### 3.   A History of Dilatoriness

Third, Plaintiff's actions indicate a history of non-compliance. As noted above, Plaintiff has failed to make any submission in this case for over 18 months, including Plaintiff's failure to respond to the various motions filed by the named defendants, or to participate in discovery despite the clear mandate expressed in the Court's May 24, 2012 order. Despite that, Plaintiff has demonstrated his ability to correspond with the Court, as evidenced by the Plaintiff's submissions during the early stages of this case. Thus, the Court concludes that Plaintiff's history of dilatoriness is amply documented, and therefore, that this factor weighs in favor of dismissal.

### 4.   Whether the Attorney's Conduct was Willful or in Bad Faith

The fourth Poulis factor is not applicable here because Plaintiff is appearing as a pro se litigant. Yet, Plaintiff has not provided this Court with any justification for his pattern of nonfeasance in this case. I am satisfied that Plaintiff has made a willful decision not to litigate this civil action as demonstrated by his well-established pattern of refusing to engage in discovery and his failure to comply with orders of this Court.

### 5.   Alternative Sanctions

Fifth, alternative sanctions would not be appropriate. For the reasons noted above, Plaintiff has demonstrated an apparent lack of desire to prosecute this civil action.

6.      Meritoriousness of the Claim

Sixth and finally, I cannot determine the meritoriousness of the claims based upon my review of the pleadings.

In sum, a balancing of the Poulis factors weighs in favor of dismissing this action with prejudice. Not all of the Poulis factors need to be satisfied in order to enter a dismissal. Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992). Here, Plaintiff has failed both to prosecute this action and to comply with orders of this Court. As such, discovery cannot proceed, a final pretrial conference cannot be scheduled, and dispositive motions cannot be filed on the merits. Therefore, the sanction of dismissal is merited.

## CONCLUSION

For the reasons set forth above, I recommend that Defendants' present Motion is **GRANTED**, and that Plaintiff's Complaint is **DISMISSED WITH PREJUDICE**.[2] The parties have fourteen (14) days from receipt hereof to file and serve objections.

---

[2] If my foregoing recommendation is adopted, only Plaintiff's claims against Defendant Nacca will remain following Judge Wigenton's previous dismissal of Plaintiff's claims against Defendants Adams, Main and Ottino on June 1, 2012. (Doc. No. 35). Plaintiff has acknowledged, however, that Defendant Nacca was never served with process in this case. (Doc. No. 16). As such, I further recommend that Plaintiff's claims against Defendant Nacca be dismissed with prejudice sua sponte: (1) pursuant to Fed. R. Civ. P. 12(b)(4) based upon Plaintiff's failure to serve Defendant Nacca with process; and/or (2) pursuant to Fed. R. Civ. P. 41(b) based upon Plaintiff's failure to prosecute his claims against Defendant Nacca.

Respectfully submitted,

MADELINE COX ARLEO
United States Magistrate Judge

Dated:  April 15, 2013

7